UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI ESSEILY,

    Plaintiff,

vs.

GOVERNOR JENNIFER GRANHOLM, et al.,

    Defendants.
_____/

Civil Action No.
08-CV-12785

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER OF DISMISSAL

On July 2, 2008, the Court issued an order requiring Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. In that order, the Court noted that it was "unable to ascertain the basis for federal jurisdiction and no basis is stated in the Complaint pursuant to Plaintiff's obligation under [FED. R. CIV. P. 8(a)]." Accordingly, the Court stated that "Plaintiff's response must clearly state the basis for federal jurisdiction" and that "[s]hould Plaintiff . . . respond in a manner that does not convince the Court of the existence of subject matter jurisdiction, the Court will have no choice but to dismiss this case . . ."

On July 15, 2008, Plaintiff filed a response to the Court's Show Cause Order. The overwhelming majority of Plaintiff's response is completely non-responsive to the Court's Order. For example, Plaintiff begins his response with the following nonsensical statement: "To appoint a federal judge in United States of America the first qualification to be seminite or pro semenite [sic] but it is unconstitutional that the government to be seminite all the way." Throughout his response, Plaintiff references "Jewish terrorists," "this Jewish judge," and a "gang [of] Jewish judge[s]," and

1

asserts that the judges who have presided over his prior cases "exercise[d] their political view in favor of the Jewish terrorist instead of practice [sic] their duty . . ." Only one sentence in Plaintiff's largely incomprehensible and illegible handwritten response is arguably responsive to the Court's Show Cause Order: "City of Garden City built a wall inside the property of Plaintiff without conscent [sic] which lead [sic] to deprive Plaintiff from property right, and Constitutional right, and deprive Plaintiff to make a living and enjoy life [sic]."

Insofar as this Court has subject matter jurisdiction over this matter under the Fifth and/or Fourteenth Amendments to the United States Constitution, the Court shall dismiss this case because Plaintiff is collaterally estopped from bringing the present claims. "Under Michigan law, collateral estoppel prevents 'relitigation of an issue in a subsequent, different cause of action where the prior proceeding culminated in a valid final judgment and the issue was (1) actually litigated and (2) necessarily determined.'" *Kaufman v. BDO Seidman*, 984 F.2d 182, 184 (6th Cir. 1993) (quoting *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990)). According to the Sixth Circuit,

> [t]he four essential elements of collateral estoppel or issue preclusion . . . . are 1) the issue precluded must be the same one involved in the prior proceeding; 2) the issue must actually have been litigated in the prior proceeding; 3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; and 4) the prior forum must have provided the party against whom estoppel is asserted a full and fair opportunity to litigate the issue.

*Central Transport, Inc. v. Four Phase Systems, Inc.*, 936 F.2d 256, 259 (6th Cir. 1991) (citing *N.L.R.B. v. Master Slack and/or Master Trousers Corp.*, 773 F.2d 77, 81 (6th Cir. 1985)). The Court finds that all four requirements are met in the present case.

Plaintiff is a frequent litigant in this Court. A review of Plaintiff's filing history reveals that he has, on previous occasions, unsuccessfully asserted the claims presently before the

2

Court. For example, in *Esseily v. City of Garden City*, 04-CV-72196 (E.D. Mich. May 24, 2005), Plaintiff brought claims that are substantively identical to the ones brought in the present case. There, Judge Nancy G. Edmunds adopted Magistrate Judge Virginia Morgan's recommendation that Plaintiff's Complaint be dismissed as barred by the applicable statute of limitations, among other reasons. Dismissal of the present case, then, is proper based on the doctrine of collateral estoppel.[1]

Finally, the Court notes that Plaintiff has a long history of filing meritless cases in this Court. In addition to the matter discussed above over which Judge Edmunds presided, Plaintiff has brought at least five other meritless cases in this Court since 2003. *See Esseily v. United States Postal Service*, 03-CV-71231 (E.D. Mich. Jul. 3, 2003) (wherein Judge John Feikens dismissed Plaintiff's claims against the United States Postal Service as barred by the doctrine of sovereign immunity and for failure to exhaust his administrative remedies); *Esseily v. United States*, 03-CV-74526 (E.D. Mich. Sept. 22, 2004) (wherein Judge Gerald E. Rosen adopted Magistrate Judge R. Steven Whalen's recommendation that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction, failure to state a claim, and because it is frivolous); *Esseily v. Hon. John H. Gillis, Jr.*, 07-CV-12547 (E.D. Mich. Jun. 18, 2007) (wherein Judge George Caram Steeh dismissed Plaintiff's case against a state court judge for failure to state a claim); *Essiely v. Hon. John Murphy, et al.*, 07-

---

[1] Dismissal of this case is also proper under the doctrine of *res judicata*. "Michigan has adopted the 'broad' application of *res judicata*, which bars claims arising out of the same transaction that plaintiff could have brought but did not, as well as those questions that were actually litigated." *Jones v. State Farm Mut. Auto. Ins. Co.*, 509 N.W.2d 829, 835 (Mich. Ct. App. 1993). "For the doctrine [of *res judicata*] to apply (1) the former suit must have been decided on the merits, (2) the issues in the second action were or could have been resolved in the former one, and (3) both actions must involve the same parties or their privies." *Energy Reserves, Inc. v. Consumers Power Co.*, 561 N.W.2d 854, 859 (Mich. Ct. App. 1997). All three requirements are met in this case.

CV-12586 (E.D. Mich. Jan. 30, 2008) (wherein Judge Denise Page Hood dismissed Plaintiff's Complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine); *Esseily v. United States Postal Service*, 08-CV-12128 (E.D. Mich. Jun. 26, 2008) (wherein Judge Feikens dismissed Plaintiff's case against the United States Postal Service for lack of jurisdiction). Enough is enough. The Court believes that the imposition of limitations on Plaintiff's ability to initiate cases in this district are appropriate. Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed with prejudice based on the doctrines of issue and claim preclusion.

IT IS FURTHER ORDERED that Plaintiff is barred from filing any further lawsuits in this district without first (1) certifying that the claims asserted therein are ones that have never before been adjudicated on the merits and (2) obtaining written permission of a judge of this district.

s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: July 23, 2008
    Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman